JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar No. 14746
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-5063
Email: Jacob.Operskalski@usdoj.gov
*Representing the United States of America*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN ANTHONY MILLER <br><br> Defendant. | Case No.: 2:23-mj-00931-EJY <br><br> The United States' Brief for Preliminary Hearing |

The United States hereby submits this brief to assist the Court in conducting the preliminary hearing in the above captioned matter scheduled for November 9, 2023.

### PROCEDURAL BACKGROUND

John Anthony Miller is charged by Amended Complaint, ECF No. 4, with one count of threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B). Miller appeared before this Court on October 27, 2023 for his initial appearance and detention hearing, and was ordered detained pending trial. ECF No. 5. A preliminary hearing is currently set for November 9, 2023.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Purpose of a Preliminary Hearing is to Determine Probable Cause.

At a preliminary hearing, "[i]f the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings." Fed. R. Crim. P. 5.1(e). This probable cause standard is the same standard courts routinely apply when reviewing complaints and search warrants. Probable cause requires "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) (*citing Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

## II. Evidentiary Matters

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case . . . ." Fed. R. Evid. 1101(d)(3). The only exception being that the rules on privilege still apply. Fed. R. Evid. 1101(c)-(d). Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. Accordingly, an affidavit supporting a Criminal Complaint may be admitted into evidence if properly admitted through a witness; the Court may then consider the allegations contained therein to support a finding of probable cause.

Especially considering that the purpose of a preliminary hearing is a probable cause determination, cross-examination of a government witness should be limited to the scope of the direct examination. This is not the stage for potential suppression litigation. *See* Fed. R. Crim P. 5.1(e).

**CONCLUSION**

The United States respectfully submits this memorandum to provide law applicable to the preliminary hearing that the parties expect to proceed on November 9, 2023.

Respectfully submitted this 6th day of November, 2023.

JASON M. FRIERSON
United States Attorney

*Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney