RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JOANNE L. DIAMOND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Joanne_Diamond@fd.org

Attorney for John Anthony Miller

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:23-mj-00931-EJY |
|---|---|
| Plaintiff, | **Response to Government's Brief for Preliminary Hearing (ECF No. 17)**[1] |
| v. | |
| JOHN ANTHONY MILLER, | |
| Defendant. | |

    The government submitted an unsolicited brief expressing its view of the substantive and procedural law governing preliminary hearings. ECF No. 17. The following does not represent an exhaustive response to the government's volunteered effort to shape the management of the upcoming preliminary hearing but is intended to clarify basic points of law and procedure.

    The government cites *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007), and *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001), in support of its formulation of how the probable cause standard applies in the context of a Rule 5.1 preliminary hearing. ECF No. 17 at 2. But both cases concern the

---

[1] This response is timely filed, there being no deadline for such an initial filing or response.

application of probable cause in the Fourth Amendment context; neither addresses the application of probable cause in the context of Rule 5.1 preliminary hearings; neither even mentions the term preliminary hearing.

The government notes hearsay is permissible at preliminary hearings. ECF No. 17 at 2. That statement is true as far as it goes, but hearsay is a rule of reliability, and reliability is a measure of the weight to be accorded to evidence. To the extent the government suggests, merely because hearsay is admissible it is also presumptively reliable, it is mistaken. Likewise, to the extent the government suggests merely because hearsay is admissible it is also presumptively probative and immune from challenge on cross-examination, it is again mistaken. Whenever probable cause is based on hearsay, the reliability of the out-of-court source is always material and therefore a proper subject of inquiry. *Cf.* Fed. R. Evid. 806; *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) (applying the test articulated in *Illinois v. Gates*, 462 U.S. 213 (1983) to assess informant's reliability).

The government further offers an artificially narrow view of the defense function at preliminary hearings that does not comport with the law. *See* ECF No. 17 at 2 ("cross-examination of a government witness should be limited to the scope of the direct examination"). Under Rule 5.1(e), "[a]t the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence." By affording the defense the opportunity to conduct cross-examination and introduce evidence, Rule 5.1 envisions more than just a token proceeding. A preliminary hearing is a "critical stage," triggering the Sixth Amendment right to counsel, and the corresponding right to effective assistance. Indeed, "unless" the right to counsel at the preliminary hearing allows "counsel [to] able to function

efficaciously in his client's behalf[,]" affording the right to counsel at that phase "would amount to no more than a pious overture." *Coleman v. Burnett*, 477 F.2d 1187, 1205 (D.C. Cir. 1973). If preliminary hearings under Rule 5.1 were as limited and perfunctory as the government portrays them, presumably allowing indigent defendants to proceed pro se and uncounseled would not offend the Sixth Amendment, and Rule 5.1's drafters would not have provided for the right of cross-examination or to present defense evidence.

As *Coleman* recognized, a chief consideration of the Supreme Court in finding the Sixth Amendment attaches to preliminary hearings is that "'the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the [prosecution's] case that may lead the magistrate to refuse to bind the accused over.'" *Id.* at 1200 (citing *Coleman v. Alabama*, 399 U.S. 1, 9 (1970)). Moreover, contrary to the government's artificially abridged view, preliminary hearings are two-sided, adversarial affairs, requiring a meaningful review of probable cause based on a magistrate judge's objective assessment of the evidence:

> [A] federal preliminary hearing is not only the occasion upon which the Government must justify continued detention by a showing of probable cause, but also an opportunity for the accused to rebut that showing. Rule 5(c) made it clear that it is as much the arrestee's prerogative to endeavor to minimize probable cause as it is the Government's to undertake to maximize it, and that both sides must be indulged reasonably in their respective efforts. And the Government's demonstration on probable cause must surmount not only difficulties of its own but also any attack the accused may be able to mount against it.

*Coleman*, 477 F.2d at 1204.

## Conclusion

The above provides a clarified overview of the substantive and procedural law as it relates to preliminary examinations under Rule 5.1 in the context of a capital case.

DATED: November 8, 2023.

                                RENE L. VALLADARES
                                Federal Public Defender

                  By:  */s/ Joanne L. Diamond*
                                JOANNE L. DIAMOND
                                Assistant Federal Public Defender
                                Attorney for John Anthony Miller